UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ELLA SHARON
on behalf of herself and
all other similarly situated consumers

                                     Plaintiff,

             -against-


GC SERVICES LIMITED PARTNERSHIP

                                  Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Ella Sharon seeks redress for the illegal practices of GC Services Limited Partnership, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Ella Sharon*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 28, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. Said letter stated in pertinent part as follows: "If you dispute this balance or the validity of this debt, **please let us know in writing**.  If you do not dispute this debt **in writing** within 30 days after you receive this letter, we will assume this debt is valid.  However, if you do dispute all or any portion of this debt **in writing** within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request **in writing** the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank." (emphasis added)

13. Said letter misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

14. Section 1692g(a) of the FDCPA provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless [*3] the following information is contained in the initial communication . . . , send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15.   Defendant's language would lead the least sophisticated consumer to assume that his option to dispute the debt, could only be in writing.

16.   Defendant's said letter incorrectly states that the Plaintiff must dispute the validity of the debt in writing before Defendant may assume the validity of the debt, when § 1692g(a)(3) does not contain a writing requirement.

17.   The least sophisticated consumer would assume from the above mentioned language, that he has no option to make an oral dispute.[1]

18.   Said language can be reasonably read to have two or more different meanings, one of

---

[1] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.), Zengerle v. Dynia & Assocs., 2013 U.S. Dist. LEXIS 130873 (6ᵗʰ Cir. M.I. 2013). (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.), Alderman v. GC Services Limited Partnership, No. 2: 16-CV-14508-ROSENBERG/LYNCH (S.D. Fla. Mar. 13, 2017). ("[T]his Court agrees with the Second, Fourth, and Ninth Circuits, and with its fellow courts in the Southern District of Florida, that § 1692g(a)(3) does not require a consumer to dispute the validity of the debt in writing before the debt collector may assume the debt is valid. The Court adopts the reasoning set forth in such cases as Camacho, Hooks, Clark, and Baez, and therefore concludes that Plaintiff has not failed to state a plausible claim to relief.")

which is false.[2]

19.     Defendant's letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(3), for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

20.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

21.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

22.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

23.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

24.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

25.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

26.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability

---

[2] Pililes v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

under section 1692e of the Act.

27. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

28. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

29. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty eight (28) as if set forth fully in this cause of action.

30. This cause of action is brought on behalf of Plaintiff and the members of a class.

31. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about March 28, 2016; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692g(a)(3), for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt, in addition to threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action, and for false and deceptive acts.

32.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      A.  Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

      B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

      C.  The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

      D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

      E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 24, 2017

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

PO Box 1389
Copperas Cove  TX  76522-5389
RETURN SERVICE REQUESTED



**GC Services Limited Partnership**
**Collection Agency Division**

(877) 431-3767

SEND PAYMENT TO:

March 28, 2016

92789519

ⅰⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱ

Ella Sharon
184 Mcveigh Ave
Staten Island NY 10314-6137

Synchrony Bank/QCARD
PO Box 530905
Atlanta GA 30353-0905

---

Acct. #: ************3019
Balance Due: $1,426.00

---

***PLEASE DETACH AND RETURN THE UPPER PORTION OF THE STATEMENT WITH YOUR PAYMENT***

Balance Due: $1,426.00
Account #: ************3019

RE: QCARD Account

Dear Ella Sharon,

Your QCARD Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection.  We wanted to take this opportunity to introduce ourselves and inform you of your rights under the Fair Debt Collection Practices Act.  As of the date of this letter, our records show you owe a balance of $1,426.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please let us know in writing.  If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.  However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.  We look forward to working with you in resolving this account.

Sincerely,
Cindy Kreidler, Collection Manager

www.QVC.com

**Notice for New York Residents:** As a debt collector, GC Services is prohibited under the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq., from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls with the intent to annoy, abuse or harass while attempting to collect a debt. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days

**NYC Residents**: **NYC Department of Consumer Affairs' specific license # varies as to city/state location of sender:** Elgin – 2032602; Columbus - 2032587; Copperas Cove - 2032601; Houston - 2032594; Huntington - 2032616; Irwindale - 2032591; Jacksonville - 2032579; Knoxville - 2032597; Oklahoma - 2032603; Phoenix - 2032606; San Antonio - 2032610; San Diego - 2032615; St. Louis - 2032598; Tucson - 2032592

**This is a communication from a debt collector and is an attempt to collect a debt, any information obtained will be used for that purpose.**

056880